## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **BARRY LYNN MILLER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-12-440-SPS** |
| | ) | |
| **CAROLYN W. COLVIN,** | ) | |
| **Acting Commissioner of the Social** | ) | |
| **Security Administration,**[1] | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION AND ORDER AWARDING
## ATTORNEY'S FEES TO THE PLAINTIFF UNDER THE EAJA

Plaintiff Barry Lynn Miller was the prevailing party in this action under the Social

Security Act. Plaintiff seeks an award of attorney's fees in the amount of $5,995.50,

pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d). The Commissioner

does not object to the fee award.

Upon review of the record herein, the Court finds that said amount is reasonable

and that the Commissioner should be ordered to pay it to the Plaintiff as the prevailing

party herein. *See* 28 U.S.C. § 2412(d)(1)(A) ("Except as otherwise specifically provided

by statute, a court shall award to a prevailing party other than the United States fees and

other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by

that party in any civil action (other than cases sounding in tort)[.]"); *see also Manning v.*

---

[1] On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social
Security. In accordance with Fed. R. Civ. P. 25(d), Ms. Colvin is substituted for Michael J.
Astrue as the Defendant in this action.

*Astrue*, 510 F.3d 1246, 1251 (10th Cir. 2007) ("The EAJA therefore permits attorney's fees reimbursement to financially eligible prevailing parties, who make a proper application, and not to their attorneys.").

Accordingly, IT IS ORDERED that the Plaintiff's Motion and Brief in Support for an Award of Attorney's Fees Pursuant to the Equal Access to Justice Act 28 U.S.C. § 2412 [Docket No. 22] is hereby granted and that the Government is hereby ordered to pay the above-referenced amount to the Plaintiff as the prevailing party herein. IT IS FURTHER ORDERED that if the Plaintiff's attorney is subsequently awarded any fees pursuant to 42 U.S.C. § 406(b)(1), said attorney shall refund the smaller amount of such fees to the Plaintiff pursuant to *Weakley v. Bowen,* 803 F.2d 575, 580 (10th Cir. 1986).

**DATED** this 12th day of May, 2014.

_____
Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma